**OKLAHOMA INSPECTION BUREAU,**
Plaintiff in Error,

v.

**INSURANCE BOARD OF THE STATE OF OKLAHOMA,** Defendant in Error.

No. 36541.

Supreme Court of Oklahoma.

April 6, 1955.

Hanson, Green & Moran, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Fred Hansen, Asst. Atty. Gen., Joseph J. Keenan, Oklahoma City, Atty. State Insurance Board, for defendant in error.

WELCH, Justice.

The Oklahoma Inspection Bureau, a licensed rating organization, for and on behalf of its member and subscriber insurance companies, filed with the State Insurance Board of the State of Oklahoma certain amendments and revisions pertaining to existing rates for fire and extended coverage insurance.

Within the time prescribed in statute that the Board shall review such a filing, the Board entered an order disapproving the said filing. Thereafter the Bureau made written request of the Board for a hearing on said order and the Board fixed a time, place and date for such hearing. At said time and place the Board announced a doubt that it is authorized to hold a public hearing in connection with the Bureau's filing, but would proceed with the hearing and would reserve its ruling as to authority for such hearing until after the hearing.

Various witnesses were sworn and testified before the Board, and various written instruments were introduced in evidence before the Board, after which the Board announced that it was taking the matter under advisement.

Thereafter the Board issued an order of a substance stating that the Bureau's request for a hearing is denied, citing a certain provision of statute as the basis of its decision.

The Bureau brings appeal and here complains of the Board's order denying it a hearing on its order aforesaid. The Bureau prays that said order denying a hearing be reversed, and that this Court examine the record and transcript of the proceeding had before the Board, and direct the Board to approve its said filing.

An Act of the Legislature, now embodied in 36 O.S.1951 §§ 911 to 929 inclusive, governs the instant proceedings.

It is provided that every insurer writing the kinds of business affected by this Act shall file with the Board every manual, minimum class rate, rating schedule or rating plan and every other rating rule, and every modification of any of the foregoing which it proposes to use, and state therein the proposed effective date thereof, and indicate the character and extent of the coverage contemplated. An insurer may satisfy its obligation to make such filings by becoming a member of, or a subscriber to, a licensed rating organization which makes such filings, and by authorizing the Board to accept such filings on its behalf.

Under the law the Board shall review such filing, and within a prescribed time, shall determine whether such filing meets the requirements of this Act, and a filing shall be deemed to meet the requirements of the Act unless disapproved by the Board within such prescribed period.

If within such prescribed time period the Board finds that a filing does not meet the requirements of law it shall send to the insurer or rating organization which made such filing, written notice of the order of disapproval of such filing, specifying therein in what respects it finds such filing fails to meet the requirement of the statute, and stating that such filing shall not become effective, §§ 914, 915, supra.

Herein it appears that there has been a substantial compliance with the foregoing procedural requirements.

Paragraph (d) of section 915, supra, provides:

"Any person or organization aggrieved with respect to any filing may make written application to the Board for a hearing thereon; provided, however, that the insurer or rating organization that made the filing shall not be authorized to proceed under this Subsection."

Citing the above provision, the Board announced its decision and order that the request of the Bureau for a hearing on the order upon its filing is denied.

Prior to said decision and order the Board had entered an order disapproving the filing made by the Bureau, and the Bureau had requested a hearing on that or-

der, and the Board had fixed a time and place for hearing, and the Bureau had appeared and presented testimony and evidence to the Board.

36 O.S.1951 § 926, provides:

"Any insurer or rating organization aggrieved by any order or decision of the Board made without a hearing may, within thirty (30) days after notice of the order to the insurer or organization, make written request to the Board for a hearing thereon. The Board shall hear such party or parties within twenty (20) days after receipt of such request and shall give not less than ten (10) days' written notice of the time and place of the hearing. Within fifteen (15) days after such hearing the Board shall affirm, reverse or modify its previous action, specifying its reasons therefor. Pending such hearing and decision thereon the Board may suspend or postpone the effective date of its previous action."

■ We hold the foregoing provision is applicable in the case of any insurer or rating organization aggrieved by an order or decision of the State Board made without a hearing.

■ In instant case the order disapproving the Bureau's filing was made without a hearing, and the Bureau, a rating organization aggrieved by the order, made a timely request for a hearing on said order. In the purview of § 926, supra, the Board's action and order denying a hearing was error. It is apparent here that the Board was confused as to whether the Bureau was asking a hearing on the rate filing, 36 O.S.1951 § 915(d), or was asking a hearing on the Board's *order* 36 O.S.1951 § 926. If it were the former the Bureau could not be heard on its own filing, but here it was the latter and the Bureau was clearly entitled to a hearing and determination upon the *order* of the Board.

The appellant Bureau prays that this court determine here whether its filing meets the requirements of the applicable statutes and, accordingly, reverse, modify,

or affirm the decision or order of the Board disapproving the said filing.

The authority for an order of the Board disapproving a filing is found in the statutes governing rates and making it the duty of the Board to determine whether a filing meets the requirements of the Law, sections 913 and 914, supra, and in the first instance of an order of the Board disapproving a filing there is no provision for an appeal to this court.

■ Under the terms of § 926, supra, after such determination or decision of the Board, any aggrieved insurer or rating organization upon timely request to the Board, is entitled to a hearing by the Board on its said decision and order, and it is provided that after such hearing the Board shall affirm, reverse or modify its previous action or order, specifying its reasons therefor. In § 926, supra, it is stated that any order or decision of the Board shall be subject to review by appeal to this court, but, obviously, in the instance of an order or decision of the Board made without a hearing, and such was the order disapproving the Bureau's filing, the statute contemplates a review of such order by the Board and a further order of the Board affirming, reversing or modifying its previous action, specifying its reasons therefor before this court may review such previous action. Herein, without benefit of an order of the Board affirming, reversing or modifying its previous action, specifying its reasons therefor, we do not review its said previous action disapproving the Bureau's filing.

The order of the Board denying a hearing is reversed, and this proceeding is remanded to the Board with directions that after appropriate hearing, it shall affirm, reverse or modify its action or order disapproving the Bureau's filing, specifying its reasons therefor, and within a reasonable time after notice of this mandate.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.